```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
DEBORAH J. BYERLY,                  :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :
                                    :   CIVIL ACTION 12-0494-M
CAROLYN W. COLVIN,                  :
Commission of Social Security,¹    :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument was waived in this action (Doc. 21).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

---

¹Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013.  Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action.  No further action needs to be taken as a result of this substitution.  42 U.S.C. § 405(g).

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-seven years old, had completed a ninth-grade education (Tr. 56), and had previous work experience as a cashier and short order cook (Tr. 62).  In claiming benefits, Plaintiff alleges disability due to obesity, bipolar disorder, PTSD, and generalized anxiety disorder (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on December 29, 2008 (Tr. 111-15; *see also* Tr. 23).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Byerly could not return to her past relevant work, there were specific jobs which she could perform (Tr. 23-37).  Plaintiff requested review of the hearing decision (Tr. 14) by the Appeals Council, but it was

denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Byerly alleges that:  (1) The ALJ did not properly consider the opinions of one of her treating physicians; and (2) the ALJ did not pose a complete and comprehensive hypothetical question to the vocational expert (hereinafter *VE*) (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 16).  The relevant evidence of record follows.

On February 15, 2008, Dr. Juliana Fort, of Baldwin County Mental Health, examined Byerly who admitted numerous problems, including previously misusing ice and methamphetamines, stress, memory loss, and ADHD (Tr. 259-61).  The Psychiatrist noted that Plaintiff was alert and oriented in three spheres, though irritable; affect was blunted.  Thought processes were grossly organized though circumstantial and tangential.  Dr. Fort's assessment was recurrent major depressive disorder, moderate with psychosis; generalized anxiety disorder; and ADHD.  The doctor prescribed Cymbalta,[2] Ritalin,[3] and Seroquel.[4]  On July 25, 2008, Dr. Fort's records indicate that Byerly was sleeping

---

[2]Cymbalta is used in the treatment of major depressive disorder. **Error! Main Document Only.***Physician's Desk Reference* 1791-93 (62nd ed. 2008).

[3]**Error! Main Document Only.**"*Ritalin* is a mild central nervous system stimulant" used to treat Attention Deficit Disorders in Children.  *Physician's Desk Reference* 1896-98 (52nd ed. 1998).

[4]*Seroquel* is used in the treatment of schizophrenia.  **Error! Main Document Only.***Physician's Desk Reference* 670-72 (62nd ed. 2008).

3

well, though she indicated that she was easily agitated, but not as easily as in the past; she had quit exercising (Tr. 262). The Psychiatrist noted that Plaintiff was oriented in three spheres, happy, but also agitated at times; thought processes were organized and goal directed (Tr. 263). The Ritalin and Seroquel were discontinued. On October 17, 2008, Dr. Fort found Byerly oriented in three spheres and mildly anxious; she was talkative and her thought processes were grossly organized (Tr. 264). Vyvanse[5] was prescribed (Tr. 265). On December 12, Plaintiff reported being more angry and having worse mood swings since her previous visit; the Psychiatrist noted orientation in three spheres as well as organized and goal-directed thought processes along with some vague paranoia (Tr. 266). The Vyvanse was switched to Adderall[6] (Tr. 267). On January 9, 2009, Dr. Fort noted that Byerly's mood was agitated at times though "[t]hought processes [were] organized and goal directed with mild impairment in attention span and concentration" (Tr. 268).

On February 9, 2009, Joanna Koulianos, Ph.D., completed a Psychiatric Review Technique Form based on the evidence submitted by Plaintiff and Dr. Fort in which she indicated that Byerly suffered from ADHD nos; Major Depressive Disorder,

---

[5] *Vyvanse* is used in the treatment of ADHD. **Error! Main Document Only.** *Physician's Desk Reference* 3115 (62nd ed. 2008).

[6] **Error! Main Document Only.** *Adderall* is an amphetamine used for the treatment of Attention Deficit Disorder with Hyperactivity. *Physician's Desk Reference* 2395-96 (52nd ed. 1998).

4

recurrent, moderate, without psychosis; and Generalized Anxiety Disorder (Tr. 269-81). Koulianos opined that Plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace (Tr. 279). She went on to complete a mental residual functional capacity (hereinafter *RFC*) assessment in which she found that Byerly had no marked limitations, but was moderately limited in her ability to do the following: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in the work setting (Tr. 283-84). Koulianos expressed the opinion that Plaintiff was capable of understanding and remembering short, simple instructions; capable of performing simple tasks over an eight-hour workday with the ability to concentrate for two-hour periods; and engage in contact with the general public on an infrequent basis. She also cautioned that supervisors should offer corrective action/ instructions in a simple, supportive manner and that changes in the work duties should be limited and introduced gradually (Tr. 285).

On February 6, 2009, Byerly reported erratic sleeping

5

patterns and her moods ranged from being really happy to really depressed with easy agitation; she also stated that she was no longer depressed (Tr. 289).  Dr. Fort described Plaintiff as oriented in three spheres, agitated, and both tearful and euphoric; she noted some mild impairment in attention span and concentration (Tr. 290).  The Psychiatrist changed her primary assessment to bipolar disorder, rapid cycling primarily mixed and manic; she prescribed Geodon[7] for mania and agitation (Tr. 290).  On February 27, Byerly complained that the Geodon caused muscle spasms, although it did help her mood; Fort noted good thought processes with vague paranoia and mild impairment in attention span and concentration (Tr. 287-88).  The Geodon prescription was dropped and Abilify[8] was added.  On April 24, Plaintiff reported sleeping a great deal and social avoidance due to anxiety; the Psychiatrist noted no particular changes (Tr. 293-94).  On that same date, Dr. Fort completed a mental RFC questionnaire in which he indicated that Plaintiff had marked difficulty in maintaining social functioning and marked deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner; Fort also indicated that Byerly was unable to organize herself (Tr. 291).

---

[7] *Geodon* is used in the treatment of schizophrenia.  **Error! Main Document Only.***Physician's Desk Reference* 2507-09 (62nd ed. 2008).

[8] *Abilify* is a psychotropic drug used in the treatment of schizophrenia.  **Error! Main Document Only.***Physician's Desk Reference* 872-74 (62nd ed. 2008).

The Psychiatrist indicated that Plaintiff had had at least four episodes of deterioration or decomposition in work or work-like settings, causing her to withdraw or experience exacerbation of her symptoms. Fort indicated that Byerly was markedly limited in her ability to respond appropriately to supervision. Plaintiff had experienced these limitations for longer than a year and her medications caused her to sleep all the time and become easily agitated (Tr. 292).

On March 23, 2010, Psychologist John W. Davis performed a consultative examination of Plaintiff and noted anxiety and depression though noting that she had "the capacity for a full range of emotional qualities" (Tr. 300; *see generally* Tr. 299-303). Byerly was oriented in three spheres; immediate, recent, and remote memory was good. There were no loose associations, tangential or circumstantial thinking; judgment and insight were good. Davis indicated that Plaintiff had average intelligence; she expressed "feelings of worthlessness, difficulty concentrating, flight of ideas, [was] easily distracted, and involvement in risk behavior" (Tr. 302). The Psychologist's diagnostic impression was that Byerly suffered from Bipolar Disorder and that she could expect a favorable response to treatment within six-to-twelve months. Davis also made the following comments about Plaintiff:

7

> The claimant's ability to understand and remember simple instructions, carry out simple instructions, and make judgments on complex work-related decisions is mildly impaired.
> The claimant's ability to understand and remember [complex][9] instructions, carry out [complex] instructions, and make judgments on complex work-related decisions is moderately impaired.
> The claimant's ability to interact appropriately with the public, interact appropriately with supervisors and interact appropriately with co-workers, respond appropriately to usual work situations and to changes in routine settings is moderately impaired.

(Tr. 303; *cf.* Tr. 304-05).

On April 7, 2010, Donna Swearingen, CRNP, with the Baldwin County Mental Health Center, examined Plaintiff and noted that she was stable and oriented in four spheres (Tr. 308-10). Her mood was calm and her thoughts were organized; memory was intact and intelligence was estimated to be average. Byerly had insight into her illness and treatment though her judgment was impaired. This concludes the relevant evidence.

Plaintiff's first claim is that the ALJ did not properly consider the opinions of one of her treating physicians. More specifically, Byerly asserts that the reports of Psychiatrist

---

[9]The bracketed words both say *simple* in the original text, but were changed herein to say *complex* to more accurately reflect what the Court believes Dr. Davis really meant, based on the marked form completed by Dr. Davis at the same time (*cf.* Tr. 303-04). The Court also notes that the corrections make more sense in context with the balance of the rest of the text.

8

Fort were not given the attention they deserved (Doc. 13, pp. 4-15).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[10] *see also* 20 C.F.R. § 404.1527 (2012).

In his decision, the ALJ assigned no evidentiary weight to Dr. Fort's conclusions, noting that her opinion that Byerly had marked deficiencies of concentration, persistence, or pace was unsupported by the information in her own records (Tr. 33).  In discussing this point, the ALJ noted that Fort's records regularly reported a mild impairment in attention span and concentration (*id.; cf.* Tr. 268, 288, 290).  The ALJ also discounted Fort's conclusions because she indicated that Byerly had had four or more episodes of deterioration or decompensation, noting that the "evidentiary record contains no documented events" (Tr. 33-34).  The ALJ also noted that the Psychiatrist's opinions in her mental RFC questionnaire were internally inconsistent, giving two different examples (Tr. 34).

The Court notes that the ALJ also gave significant

---

[10]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

evidentiary weight to the opinions of Psychologist Davis, pointing out that his opinions were supported by the conclusions of non-examiner Koulianos (Tr. 32-33).  The Court finds that the ALJ's reasoning in discrediting Dr. Fort's conclusions is supported by substantial evidence, noting that her medical notes are more consistent with the conclusions of Davis than with her own conclusions.  Plaintiff's claim otherwise is without merit.

Byerly also claims that the ALJ did not pose a complete and comprehensive hypothetical question to the VE.  Specifically, Plaintiff asserts that the ALJ should have included his finding that Byerly suffers from a moderate limitation of ability with regard to maintaining concentration, persistence or pace in his hypothetical (TR. 13, pp. 15-20).

The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).  More recently, in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1181 (11th cir. 2011), the Eleventh Circuit Court of Appeals held that, after determining that a claimant had a moderate limitation in maintaining concentration, persistence, or pace, an ALJ had to either determine that the limitation would not affect the

10

claimant's ability to work or include that limitation as part of the hypothetical question to the VE.

In questioning the VE, the ALJ posed the following hypothetical:

> Then in the first hypothetical I'd like you to assume that this hypothetical person could understand, remember, and carry out simple one or two-step instructions and tasks on a frequent basis, like you would assume that the person would be able to understand, remember, and carry out complex instructions and tasks on only an occasional basis.  I'd like you to assume that the person could only have occasional interaction with the general public, coworkers, and supervisors.  I'd like you to assume that the person would be limited to work that has only occasional changes in the work setting.  I'd like you to assume that the person would be unable to engage in the climbing of ladders, ropes, and scaffolds.  That the person would be unable to engage in crawling, crouching and would be limited to occasional kneeling.  In this first hypothetical, I'd like you to assume that the person could not be exposed to extreme cold or extreme heat.  And let me stop there and ask whether you'd be able to identify any jobs in the regional or national economy that a person of that profile could sustain?

(Tr. 63).  The VE identified specific jobs that Byerly could perform based on this hypothetical (Tr. 64).  The ALJ based his conclusions on the VE's testimony, finding that Plaintiff could perform the specific jobs suggested by the VE (TR. 37).

The Court notes that although the ALJ did not use the words

11

"moderately limited in maintaining concentration, persistence or pace," he listed limitations that help define the specific issues he thought Byerly would have.  Those limitations are that Plaintiff (1) "could understand, remember, and carry out simple one or two-step instructions and tasks on a frequent basis;" (2) "the person would be able to understand, remember, and carry out complex instructions and tasks on only an occasional basis;" (3) "the person could only have occasional interaction with the general public, coworkers, and supervisors;" and (4) "the person would be limited to work that has only occasional changes in the work setting."  The Court notes that this mirrors the ALJ's determination of Byerly's RFC (Tr. 31).  The Court finds that the ALJ's hypothetical question to the VE was complete and does not violate the holdings in either *Pendley* or *Winschel*.  Plaintiff's claim is without merit.

The Court also notes that Byerly has produced evidence for this Court's review that was submitted to the Appeals Council (Doc. 13, Exhibit A).  The Council rejected it, noting that the evidence did not "specifically relate[] to the period in issue before the [ALJ] that extended only through July 1, 2010, the date of the hearing decision" (Tr. 2).  The Court finds that the Appeals Council's rejection of the evidence was proper as Plaintiff has not demonstrated that the evidence related to the period of time under consideration for her claim of disability.

12

Byerly has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 24th day of April, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
